## Case No. 1,478.

### BLAGG v. PHOENIX INS. CO.

[3 Wash. C. C. 58.][1]

Circuit Court, D. Pennsylvania. April Term, 1811.

NEW TRIAL—EVIDENCE—CONDUCT OF JURY.

The court refused to grant a new trial, where the evidence submitted to the jury, and upon which their verdict was founded, was such as it was peculiarly their right to decide upon; and also, where the construction given by the jury to the evidence, appeared to be consistent with the justice of the case.

[Cited in U. S. v. Five Cases of Cloth, Case No. 15,110.]

[At law. Action by Blagg against the Phoenix Insurance Company upon a policy of insurance for the cargo of the schooner Splash. Verdict was given for plaintiff. Case No. 1,477. The hearing is now upon a] rule to show cause why a new trial should not be granted. [Rule discharged.]

WASHINGTON, Circuit Justice, delivered the opinion of the court.

As the objections made to the authenticity of the bill of lading and invoice, rested upon conflicting evidence, upon which the jury were alone competent to decide, and their finding is in favour of the plaintiff; we must take it for granted that those papers were signed by the captain, and are entitled to all the credit usually given to such instruments. They are, when proved, the ordinary evidence of property, and of the interest of the insured. In opposition to this evidence, the testamentary declaration of Captain Ferguson, was permitted by the court to go to the jury; which evidence, was inconsistent with the bill of lading and invoice. The court could do no otherwise, than leave it to the jury, to say which of the declarations of the same person, in one or the other of these instruments, was to be believed. In opposition to the credit claimed for the latter, it was urged at the bar, (and not without reason, we think,) that the declarations which it professed to record, were made by a man in

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

extremis, in a language foreign to those who took them down; or, if in the same language, then, by one who might so express himself as to be misunderstood; and that possibly, he might not think it safe to acknowledge, that so large a sum in specie was about to be carried away, from a country whose policy it generally is to prohibit the exportation of it. These topics were submitted to the consideration of the jury, and have very probably had weight with them.

But that which has greater weight with the court is, that the testamentary declaration itself, is so far consistent with the justice of the case, as to raise a strong presumption that property sufficient in value to cover the sum insured, was put on board. The captain appears to have had nearly 10,000 dollars in specie and cocoa, partly on board, and partly ready to put on board; for, he expresses no doubt of receiving the 6600 dollars worth of cocoa which he had purchased, or the 1400 dollars, due from Paulens. It is highly improbable, therefore, that he sailed from Chagres, without the cocoa and money, either in specie, or its value in other articles. Now, although evidence of this sort, might not of itself have been sufficient to entitle the plaintiff to a verdict, unless it appeared that property to the amount of the sum claimed was actually on board, yet, it affords a strong reason, in a case circumstanced like the present, why a new trial should not be granted. Rule discharged.